UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      **MEMORANDUM OF LAW & ORDER**
                                       Criminal File No. 10-333 (MJD/FLN)

(1) EUGENE MAURICE CLANTON,

       Defendant.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Eugene Maurice Clanton, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. [Docket No. 56]

## II.    BACKGROUND

On December 14, 2010, Petitioner Eugene Maurice Clanton was indicted on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Docket No. 1] On February 11, 2011, he pled guilty to the indictment. [Docket No. 21]

On July 21, 2011, the Court sentenced Clanton to 224 months in prison. [Docket Nos. 33-34]

Clanton did not appeal his sentence. On July 26, 2012, he filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 36] The Court denied Clanton's motion on April 19, 2013. [Docket No. 47] He appealed that ruling, and, on September 16, 2013, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability and dismissed his appeal. [Docket No. 53]

On November 22, 2016, Clanton filed the current Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. [Docket No. 56] On March 10 and 13, 2017, the Eighth Circuit denied authorization for Clanton to file a successive habeas petition. [Docket Nos. 59, 61] The mandates issued on March 10 and 13. [Docket No. 60, 62] Clanton does not have authorization from the Eighth Circuit to file a successive habeas petition in this Court.

## III. DISCUSSION

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Section 2255(h) provides that a petitioner must obtain certification from the appropriate court of appeals before filing a second or successive motion. This is Clanton's second § 2255 petition to this Court. Thus, Clanton must obtain authorization from the Eighth Circuit prior to filing the instant § 2255 motion. 28 U.S.C. § 2255(h). The Eighth Circuit has denied such authorization. Accordingly, the instant motion must be dismissed for lack of jurisdiction. See, e.g., Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

## IV. CERTIFICATION OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the

merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Eugene Maurice Clanton's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 56] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 11, 2017      s/ Michael J. Davis
Michael J. Davis
United States District Court