UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                               Criminal File No. 10-333 (MJD/FLN)

(1) EUGENE MAURICE CLANTON,

        Defendant.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Eugene Maurice Clanton, pro se.

## I.   INTRODUCTION

This matter is before the Court on Petitioner's Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure.  [Docket No. 69]  The Court denies the motion as untimely.

## II.   BACKGROUND

On December 14, 2010, Petitioner Eugene Maurice Clanton was indicted on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  [Docket No. 1]  On February 11, 2011, he

pled guilty to the indictment.  [Docket No. 21]  On July 21, 2011, the Court sentenced Clanton to 224 months in prison.  [Docket Nos. 33-34]

Clanton did not appeal his sentence.  On July 26, 2012, he filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 36]  The Court denied Clanton's motion on April 19, 2013.  [Docket No. 47]  He appealed that ruling, and, on September 16, 2013, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability and dismissed his appeal.  [Docket No. 53]

On November 22, 2016, Clanton filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.  [Docket No. 56]  On March 10 and 13, 2017, the Eighth Circuit denied authorization for Clanton to file a successive habeas petition.  [Docket Nos. 59-62]  On April 11, 2017, this Court denied Clanton's successive § 2255 motion because he did not have authorization to file it.  [Docket No. 65]  On November 21, 2017, the Eighth Circuit denied Clanton's most recent application to file a successive habeas petition.  [Docket No. 67]

On January 23, 2018, Clanton filed the current Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure.  [Docket No. 69]  He asserts three grounds for his motion.

First, he claims that, when ruling on his first § 2255 petition, the Court violated 28 U.S.C. § 2255(b) by failing to make findings of fact and conclusions of law. Second, Clanton claims that the Court violated Rule 7 of the Rules Governing Section 2255 Proceedings by failing to expand the record, failing to require that materials be authenticated, and failing to require that materials be made a part of the record.  Third, he asserts that the Court violated Rule 8 of the Rules Governing § 2255 Proceedings by failing to adequately consider whether he was entitled to an evidentiary hearing.

## III.   DISCUSSION

### A.   Legal Standard

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Section 2255(h) provides that a

petitioner must obtain certification from the appropriate court of appeals before filing a second or successive motion.

Federal Rule of Civil Procedure Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Here, Clanton seeks relief under Rule 60(b)(6).

### B.  Applicability of Rule 60(b)

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."  United States v.

Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).  Thus, the Court first "conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under . . . 28 U.S.C. § 2255."  Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim."  Davis v. Kelley, 855 F.3d 833, 834 (8th Cir. 2017) (citation omitted).

> A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (footnotes omitted).

Here, Clanton's motion attacks alleged "defect[s] in the integrity of the federal habeas proceedings."  Gonzalez, 545 U.S. at 532.  Thus, it is properly addressed as a Rule 60(b) motion and not as a successive habeas.

**C.    Timeliness**

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004) (citation omitted).

Here, Clanton waited more than 4 years after this Court denied his original § 2255 motion before filing the current Rule 60(b) motion. The record contains no evidence of mitigating circumstances. During the past 4 years, Clanton has filed a successive habeas and multiple applications to the Eighth Circuit. In this case, the 4-year delay is unreasonable. See, e.g., Middleton, 388 F.3d at 617 (holding 3-year delay, without mitigating circumstances, is unreasonable). Thus, Clanton's motion is denied as untimely.

### D.    Merits

The Court further notes that, even if Clanton's motion were timely, it would fail on the merits. First, the Court holds that it did not violate 28 U.S.C. § 2255(b) by failing to make findings of fact and conclusions of law. The Court issued a detailed Memorandum of Law and Order, which set forth the facts in

the case, the issues raised by Clanton, the applicable law, and the Court's analysis and legal conclusions.

Nor did the Court violate Rule 7 by failing to expand the record, make documents part of the record, and authenticate evidence submitted by Clanton when considering Clanton's § 2255 motion. In his original motion, Clanton set forth two arguments. First, he asserted that his counsel was ineffective for failing to challenge his predicate second-degree assault conviction because his civil rights had been restored. The Court's ruling was based on legal grounds after considering the nature and timing of the conviction. The Court did not prevent Clanton from submitting evidence regarding this issue. In any case, there was no dispute regarding the facts underlying the Court's legal analysis, so there was no need to expand the record. Second, Clanton asserted that the gun that he had possessed was an antique and, thus, excluded from the definition of "firearm" under federal law. The Court reviewed the material submitted by Clanton – an internet post from an anonymous poster on "Just Answer.Com" claiming that the serial number on the gun showed that it was made in 1895 – and concluded that it was inadmissible and unreliable. There was no error in the Court's ruling. Moreover, the Court held that Clanton's guilty plea to possessing ammunition

manufactured outside the State of Minnesota provided an independent basis for his conviction and sentence, so there was no material factual issue that would have required the Court to expand the record.[1]

Finally, the Court did not err in failing to hold an evidentiary hearing. An evidentiary hearing was not necessary because the Court's legal rulings would not have changed based on the outcome of any evidentiary hearing. Also, Clanton's claim that the gun was an antique firearm was contradicted by the record and was asserted by Clanton as a conclusion unsupported by any reliable facts.

IV.   **CERTIFICATION OF APPEALABILITY**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's

---

[1] Clanton's argument in his reply regarding the Eighth Circuit's decision in United States v. Walker, 380 F.3d 391 (8th Cir. 2004), "attacks the federal court's previous resolution of a claim on the merits," and, thus, constitutes a claim and an impermissible successive § 2255. Gonzalez, 545 U.S. at 532.

assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Petitioner's Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure [Docket No. 69] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 1, 2018                     s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court